**Basil Ronald RAJU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70922.
Agency No. A18–472–571.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 8, 2004.[*]

Decided Oct. 13, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

where an alien is deportable by reason of having committed an aggravated felony or a controlled substance offense. *Alfaro–Reyes v. INS*, 224 F.3d 916, 918 (9th Cir. 2000). IIRIRA's transitional rules apply here. Raju is deportable by reason of a conviction for possession for sale of cocaine in violation of California Health and Safety Code section 11351. Accordingly, we dismiss the petition for lack of jurisdiction. Relief may be available, if at all, through a habeas petition to the district court. *Alfaro–Reyes*, 224 F.3d at 920 n. 4, 921.

DISMISSED.

Rhoda Wilkinson Domingo, Esq., Law Office Of Rhoda Domingo, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Luis E. Perez, Esq., Linda S. Wendtland, Esq., Washington, DC, for Respondent.

Before HALL, BRUNETTI, and GRABER, Circuit Judges.

## MEMORANDUM **

Basil Ronald Raju, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen proceedings. Section 309(c)(4)(G) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009–546, 3009–626 to –627 (1996), divests this court of jurisdiction to hear claims of statutory or constitutional error on direct appeal from a decision of the BIA

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.